ALICE LAFFLIN, Respondent, *v.* THE TRAVELERS' INSURANCE COMPANY, Appellant.

Under the act of 1884 (Chap. 346, Laws of 1884), which prohibits a foreign insurance company from transacting business in this state until it has first appointed, in writing, the superintendent of the insurance department its attorney therein, upon whom process for the commencement of actions against it may be served, and requiring a certificate of such appointment, "duly certified and authenticated," to be filed, an appointment of "the superintendent of the insurance department of said state, or his successor in office," and a certificate to that effect, without giving the individual name of that officer, are sufficient.

An appointment so "certified and authenticated" as to satisfy the superintendent that it had been made, is sufficient to meet the requirements of the statute.

A certificate of appointment, accepted by and filed with the superintendent, purported to have been signed by the president and secretary of the company, and the seal of the company was attached thereto. A certificate of a notary was attached, attested by his seal to the effect that the instrument was acknowledged and proved by the officers signing it. To the certificate was attached a copy of the resolution of the company's board of directors, making the appointment, purporting to be certified by the secretary under the corporate seal. *Held,* the appointment was sufficiently certified and authenticated; and that a service of summons upon one who was, prior to the filing of the certificate, the agent of the company for the purposes of such service, was improper and a refusal to set the same aside, was error.

(Argued June 17, 1890; decided June 24, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made March 25, 1890, which affirmed an order of Special Term denying a motion to set aside service of summons.

The following is the opinion in full:

"The defendant is a foreign insurance company doing business in this state. George C. Sawyer, of Syracuse, was, in April, 1878, in pursuance of the statute then in force, appointed by the defendant its agent to receive the service of legal process for the commencement of actions against it in this state, and the summons for the commencement of this action was served upon him on the 7th day of June, 1889. The defendant moved to set aside the service on the ground

that it ought to have been made upon the superintendent of the insurance department. And its motion having been denied at the Special Term, and the denial there having been affirmed at the General Term, it has appealed to this court.

"It is provided in the act, chapter 346 of the Laws of 1884, that no foreign fire, marine, life or casualty company shall transact business in this state until it has complied with the insurance laws, and has first appointed in writing the superintendent of the insurance department to be the true and lawful attorney of such company in this state, upon whom process for the commencement of actions against the company may be served with the same effect as if the company existed in this state, and that 'a certificate of such appointment duly certified and authenticated shall be filed in the office of the superintendent of the insurance department;' and that previous attorneyships should continue in force until a new appointment should be made and filed under the act.

"The defendant appointed the superintendent of the insurance department its agent under the act, and such appointment was filed in his office on the 23d day of August, 1884. The appointment was made in pursuance of a resolution of the board of directors of the defendant, and is full and formal in all respects. But the plaintiff claims that it was insufficient upon three grounds : (1) It is said that the individual name of the superintendent should have been inserted in the power of attorney, and that the description of him by the name of his office is not sufficient. It was proper to follow the statute and appoint the superintendent of the insurance department as such by his official name. (2) The power of attorney appointed the superintendent of the insurance department, or 'his successor in office,' and it is objected that this is improper, and renders the appointment invalid. It is clearly an appointment of the present superintendent and whoever may at any time be his successor, and it would be hypercritical to give the language any other meaning. (3) It is further contended that the appointment was not sufficiently 'certified and authenticated,' and it was upon this ground that the court below held that it was inoperative. The appointment was so certified and authenticated as to satisfy the superintendent

that it had been made, and thus we think the purpose of the statute was complied with. The resolution of the board of directors purports to be certified by the secretary thereof under the seal of the corporation. The formal power of attorney authorized by the resolution purports to be signed by the president and secretary of the company, and the seal of the company is affixed thereto, and its execution purports to have been acknowledged and proved by the president and secretary before a notary public whose certificate is attested by his seal, and thus we think the appointment was sufficiently certified and authenticated to authorize its filing by the superintendent. There is nothing in the act which requires that it should be authenticated in any particular manner, or so authenticated that it could be read in evidence upon the trial of an action in this state. This company could not transact business here until the appointment was made, certified, authenticated and filed in the office of the superintendent, and when an appointment was presented to him formal in all respects, attested and authenticated by the corporate seal and notarial certificate, and he was satisfied and filed it, the purpose of the statute was fully accomplished.

" We are, therefore, of opinion that the summons in this action was not properly served, and that the service thereof should have been set aside. The orders of the General and Special Terms should, therefore, be reversed and the motion granted, with costs of the appeal to the General Term and to this court, and ten dollars costs of the motion."

*Clinton B. Gibbs* for appellant.

*Richard Crowley* for respondent.

EARL, J., reads for reversal.
All concur.
Order reversed.